We'll hear the next case, which is United States v. Moreno-Tobar. Good morning, Your Honor. Frank Morrell, on behalf of Ms. Jose Moreno-Tobar. Your Honor, in this case we are presenting three issues to the court, but the principal one is the one where we believe that the court, the underlying court, erred in granting six levels for conviction under Penal Code 243d. Essentially, we believe that that enhancement should have been a four-level enhancement as opposed to 16, and the issue, of course, is 243d, a crime of violence. Your Honor, 243d and 242 are sister statutes. 242 essentially defines the act of assault and battery, whereas the 243d, along with the other sections of 243, describe the assaults for various individuals at various times. This court has already decided in the Ortega-Mendez v. Gonzalez case, 453rd 1010, that 242 is not a crime of violence. Essentially, it's a very lengthy decision in which this court analyzed the history of 242 through the California courts and essentially came to the decision that 242 cannot be a crime of violence because it can be done by simply touching. In other words, the issue of it being a violent or a crime of violence cannot be because it can be done by a simple touching. But under Aguilar-Montes de Oca, the recent en banc decision, we can apply a modified categorical approach to that to determine whether or not the particular instance we have in front of us was a crime of violence or not, isn't it? That is correct, Your Honor. Before, under the Navarro-Lopez v. Gonzalez case, this court essentially said at that time that if the offense, if the particular offense was missing an element, then you could not go on to the modified categorical approach. And, of course, Montes de Oca 3, I believe, I think this was the third decision made on it, Montes de Oca basically says, yes, you can, although it's somewhat confusing to me, Your Honor, because it speaks more of a divisible statute within the offense, within the particular offense. In this case, we don't have a divisible statute. We have a situation where there is clearly an element that is missing, mens rea, violence. Those two elements are missing from the initial definition of 242. Now, granted, 243d goes on to explain, goes on to express that it is a violent crime, but it rests on 242 definition of what a battery is. Yes, and I understand your argument. Counsel, forgive me. I was just going to say that I'm certain that in a Guilliam-Montes, the en banc panel, which I was on, explicitly overruled Navarro-Lopez, so that its missing element analysis ought to be off the table now, that we got rid of that precedent. So the question in my mind, and I should be corrected if I'm wrong, is just whether the crime here is a crime of violence under an appropriate modified categorical approach. Well, if that is the question that the court is asking, then I do not believe that the government submitted sufficient documents to prove that this was under the approach in Taylor of the modified categorical approach that it was such a crime of violence. What sort of documents would be permissibly relied upon? For example, a plea colloquy? If in a plea colloquy the defendant indicated that they had acted with violence, intentional act of violence, would that be enough? No, Your Honor, I don't believe it is. There are six accepted types of documents that are allowed on the modified categorical approach, and if I may briefly go, charging document, a written plea agreement, transcripts of the colloquy in the court at the time of taking of the plea or sentencing, jury instructions are allowed, a factual finding by the judge, a written factual finding, or notes by the clerk of the court recording what the judge is basically reciting, and then some other comparable record, again, done by the clerk or done in the record of course, this is by the court describing. I suppose my reaction to that is when then under a modified categorical approach, which indisputably is what we apply here, could you ever find a battery to be a crime of violence? Well, that is what I'm posing to the court. I believe it is missing some key elements, and the two key elements are, of course, mens rea and the issue of violence. In this case, the statute on 242 is missing those two elements. That is why I said that I understand the case of Aguilar Montes de Oca, but I don't quite understand how it can be applied in this case because we are missing two very substantive issues in the whole question of 242. You indicated that a written plea agreement would be one thing that you could take into account. If a written plea agreement, and I'm not suggesting that's in this record, but if a written plea agreement had the defendant acknowledging what is the record in this case, that he punched the individual repeatedly, I believe, wouldn't that be enough? If he admitted in a plea agreement along with the charging document describing the crime, I believe it would, but this is not the case in this case. We only have two documents in this case that were submitted to the court. One was the actual information, or I think, yeah, it was information, and the second document was essentially a judgment reciting exactly what the charging document said without making further reference to it. I don't believe that those two documents are sufficient to go into a modified categorical approach and essentially find that this is a crime of violence. It is not. And thus, I would request to the court to really look at this and say, it's not a 16th level, it's more like a 4th level, and that, in this case, is substantial. It's a 12 levels difference. The second issue, Your Honor, is somewhat unusual in that we're dealing also with a California Code, 1461.12.5. Something peculiar about the statutes in California in that knowledge of you having the notice that your license has been suspended under 1461.2 is permitted by simply the mailing of a letter to your last name address. And if that mailing gets to you, they don't know. If it missed you and you moved, they have no idea that you've gotten it, yet you are charged with knowledge that your license is suspended. And as such, Your Honor, under the sensing guidelines, I would ask that that would be a situation where, since we have no notice. But the guidelines do not require the knowledge element that you're talking about for purposes of assessing criminal history points. Well, no. The sensing guidelines speak of similar or somewhat similar as to the generic. But, Your Honor, in this case, it's inherent in any criminal prosecution. 1461.1 is a misdemeanor. And in any criminal prosecution, you have to have knowledge of what you're doing. You have to have notice of having received a suspension, having received from the DMV or some state authority that your license is suspended. And in this case, there's a presumption. And I believe that in criminal law, presumptions are not favored. They are not very favored at all because presumptions essentially negate some of the elements that an individual is entitled to in a criminal prosecution. And with that, I would submit, Your Honor. Thank you. We have a minute for rebuttal if you wish to use it. Thank you. Good morning, Your Honor. My name is Ann Perry, and I represent the United States in this matter. I'd like to start with the first issue because there seems to be a consensus that the United States is not part of, that this is obviously a modified categorical approach analysis. The United States takes the position initially that two of the cases. Is this categorically a crime? Yes, it is. Your predecessor in the previous case from, I believe, the same office took the contrary position. Not on 243-D. And also, this court, albeit in an unpublished decision, which is what we're working with, and this is also what the district court was dealing with, it's Takaki v. Holder, unpublished decision from a couple of years ago, saying that. . . But that's not it, counsel. If it's unpublished, we can't consider it precedent, right? It can be used. . . It's persuasive value. Why is it persuasive? It's persuasive because it's dealing with a very similar issue. But it relies on the Robinson case, which Ortega, which is a subsequent case, says is not a good authority. Well, but Ortega-Mendez doesn't really deal with this statute because it deals with 242, and this court found in Ortega-Mendez that, first of all, the statute as it was being used in Ortega-Mendez wasn't even a felony. It wasn't being. . . And it was also being used for the subsection that talks about domestic violence. It was not dealing with this specific statute with which Mr. Moreno-Tobar was. . . 243 is the penalty portion of the statutory scheme. It is, Your Honor. However, if you look at the judgment and commitment order, it actually says his conviction is 243D. It doesn't say 242. So it is considered a conviction. That's what we're working on. But I guess I'm not following you on why you think that's a particular consequence. It's a particular consequence because if you look at how the statute is defined under the California Criminal Code and under even the jury instructions, it lays out that it's all part of one process. And this is how it has been viewed, at least in the California courts. Now, I know that at the district court level it was raised that the. . . I'm sorry, the Tecapu v. Holder's reliance on People v. Lewis, which is a California case, didn't go through an appropriate analysis. But that's what we have. And so based upon that, the United States would take the position that as far as this statute, which specifically says that the battery must be willful and unlawful use of force or violence and serious bodily is inflicted. That is how the statute is defined. And under the circumstances, that would be categorical. Let's assume, though, that we don't agree that categorical is appropriate and we go to the modified categorical approach. Why is the record in a position where we could conclude this is a crime of violence under the modified categorical? We do have the two documents. We have the complaint or information which charged the language that is followed by the statute, as well as the judgment and commitment order showing that he was convicted of this particular charge. But all that shows is conviction with the statutory language, and one could be convicted by a touching which leads to serious physical injury. A touching, yes, but a touching that is willful and unlawful use of force and violence and serious bodily injury, and that is what's reflected in the charging document. But it doesn't add anything. It's simply the statutory language. I understand that, Your Honor, but that's what we had in the record. Sometimes you've got to deal with what you've got. Well, and sometimes dealing with what you've got, it isn't enough. That I understand as well, Your Honor. I've been around for a while myself. It sounds like the government's position really turns on the idea that the statute is categorically a crime of violence. Yes, Your Honor. Because the charging document doesn't add anything to the statute, right? I've heard. Right. I agree. So you have to take that position. I do. I do. Because of the nature of this record. It is what it is. We appreciate it. And I would just note parenthetically that with regard to the second issue that was raised, with regard to the calculation of the criminal history points, the Ellsworth case, I think, is determinative in this matter. Ellsworth has specifically addressed the fact that the Taylor categorical analysis or modified categorical analysis does not apply to calculations of the criminal history points, and I think it absolutely applies here. And briefly, although it was not addressed, that this was, in fact, a reasonable sentence. It was the eventual sentence that was imposed was 10 months below the guidelines. Are there no further questions? Okay. That's right. Yeah.  Thank you. Very briefly, Your Honor. I was prepared to respond to the Takapu case, but I suppose, Your Honor, that he's already dismissing it altogether in that it would have not, since it is unpublished, it should not even be considered by this Court. But nevertheless, your take on this. Forgive me, Your Honor. It can be considered. Right. Well, your take on this Gonzalez case actually takes it apart because it cites the California law. It cites, for instance, the California Supreme Court case of Calantuano, which essentially puts forth the issue of what is in California 242 a battery, and it defines the battery, and it goes on to the analysis of being a touching. And so that doesn't rise to the level of being a crime of violence as defined, and essentially I think that case overturns it, Your Honor. Thank you. Thank you. The case just argued is submitted for decision. Sure. Do you want to take one? Should we take a break? I would appreciate one before the four cases. All right. Before hearing the related matters that are the remainder of the calendar, the Court will take a ten-minute recess.
judges: Seeborg, Schroeder, Gould